FILED
2017 May-04 AM 11:01
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| AARON THOMAS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | 2:16-cv-8056-LSC |
| | ) | (2:11-cr-00013-LSC-HGD-1) |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OF OPINION**

Petitioner Aaron Thomas ("Thomas") filed with this Court a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. 1.) For the following reasons, the motion is due to be denied.

**I.  Background**

Thomas pled guilty on August 29, 2011, to nine counts: four counts of robbery in violation of 18 U.S.C. § 1951; one count of discharging a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A); two counts of brandishing a firearm during and in relation to a crime of violence (subsequent convictions) in violation of 18 U.S.C. § 924(c)(1)(C)(I); one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1); and

1

one count of attempted armed bank robbery in violation of 18 U.S.C. § 2113(a). On January 12, 2012, Thomas was sentenced to a total prison term of 871 months.

Thomas did not appeal. On October 1, 2014, he filed his first § 2254 motion in this Court. *See* 2:14-cv-8055-LSC. This Court dismissed it as barred by the one-year statute of limitations. He filed the instant motion on June 9, 2016.

## II.  Discussion

The Court's dismissal of Thomas's first § 2255 petition as untimely-filed constituted a dismissal with prejudice. *See Carter v. United States*, 405 F. App'x 409, 410 (11th Cir. 2010) ("The district court dismissed Carter's first motion to vacate as untimely, that dismissal constituted a dismissal with prejudice, and Carter has not sought permission from this Court to file a successive motion.") (citing 28 U.S.C. §§ 2244(b)(3)(A), 2255(h)) (other citation omitted); *see also Candelario v. Warden*, 592 F. App'x 784, 785 n.1 (11th Cir. 2014) (rejecting argument that a petition is not successive when the "initial § 2255 motion was denied as untimely rather than on the merits" because "a second petition is successive if the first was denied or dismissed with prejudice.") (citations omitted); *Villanueva v. United States*, 346 F.3d 55, 61 (2nd Cir. 2003) ("[W]e hold that a habeas or § 2255 petition that is properly dismissed as time-barred under AEDPA constitutes an adjudication on the merits for successive purposes."). Before a prisoner may file a second or

successive § 2255 motion, the prisoner must first obtain an order from the Eleventh Circuit authorizing the district court to consider the motion. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). Without the Eleventh Circuit's authorization, the district court lacks jurisdiction to consider a second or successive § 2255 motion. *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005). There is no indication that Thomas has received such authorization from the Eleventh Circuit. Therefore, his motion is due to be dismissed for lack of jurisdiction.

## III. Conclusion

For the reasons stated above, the § 2255 motion is due to be denied for lack of jurisdiction.

Additionally, to the extent this dismissal necessitates a ruling on the certificate of appealability issue, one will not be issued by this Court. This Court may issue a certificate of appealability "only if the applicant has a made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable and wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). Thomas's

claims do not satisfy either standard. Accordingly, insofar as an application for a certificate of appealability is implicit in Thomas's motion, it is due to be denied.

A separate closing order will be entered.

**DONE** AND **ORDERED** ON May 4, 2017.

                                              L. SCOTT COOGLER
                                     UNITED STATES DISTRICT JUDGE

160704